IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM B. JAMESON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION 07-0111-WS-B |
| | ) |
| PINE HILL DEVELOPMENT, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on plaintiff's Motion to Confirm Arbitration Award (doc. 72). On July 14, 2009, the undersigned entered an Order (doc. 73) directing any party opposing the Motion to file a response on or before July 22, 2009. No such response having been filed and that deadline having expired, any objections to the relief requested in the Motion have been waived.

Pursuant to the Federal Arbitration Act, the undersigned is empowered to confirm an arbitration award by entering an order and judgment upon same. Moreover, upon timely application by any party, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. No party has requested vacatur, modification or correction of the arbitrator's award in this case. "The Federal Arbitration Act ... imposes a heavy presumption in favor of confirming arbitration awards. ... As a result, a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *see also D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2nd Cir. 2006) ("A party moving to vacate an arbitration award has the burden of proof, and the showing required to avoid confirmation is very high."). Defendants have articulated no basis for deviating from those norms here, nor does the record reflect any basis for rebutting the presumption and satisfying the high threshold to avoid confirmation. Accordingly, plaintiff's Motion to Confirm Arbitration Award is **granted**.

The record reflects that on July 10, 2009, Arbitrator Edward S. Sledge, Esq. entered an award in favor of plaintiff William B. Jameson, and against defendant Pine Hill Development, LLC, in the amount of $73,814.09, consisting of a refund of $59,800, interest in the amount of $11,418.81, and costs in the amount of $2,595.28. This award was predicated on the arbitrator's findings that Pine Hill did not comply with the registration requirements of the ILSFDA, and that Jameson was entitled to rescind his contract for the purchase of the condominium unit in question. That award is hereby **confirmed**, and will be formalized via separate Judgment. All claims involving Pine Hill Development, LLC, having thus been adjudicated, the Clerk of Court is directed to terminate Pine Hill as a party defendant.

The remaining question concerns the status of the parties' claims concerning defendant Seaside Title Company, LLC. When this action was submitted to arbitration at the parties' joint request in March 2007, the entire action was referred to arbitration, including all of Jameson's claims against both Pine Hill and Seaside. Indeed, the undersigned's Order entered on March 5, 2007 provided as follows: "The parties are **ordered** to proceed to arbitration ..., with such arbitration to encompass all of plaintiff's causes of action against both defendants." (Doc. 13, at 1.) Both the Arbitrator's Final Judgment and the Motion to Confirm Arbitration Award are silent as to defendant Seaside. As such, it is unclear whether Jameson's claims against Seaside remain in arbitration (in which case this action will be left open and stayed, and the parties will be required to resume making monthly status reports), or whether those claims have been dismissed or otherwise resolved, such that the arbitral proceedings have concluded in their entirety. Plaintiff is **ordered** to file a status report on or before **August 3, 2009**, clarifying the present status of all claims herein involving defendant Seaside Title Company, LLC.

DONE and ORDERED this 27th day of July, 2009.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE